UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
NOV 20 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

)
JIMMIE McNAIR, )
)
           Petitioner, )
)
v. )   Civil Action No. 17-1943 (UNA)
)
WARDEN OF D.C. JAIL, *et al.*, )
)
           Respondents. )
)

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's *pro se* petition for a writ of habeas corpus and application to proceed *in forma pauperis*. Generally, the petitioner raises ineffective assistance of counsel claims, alleges prosecutorial misconduct, and otherwise contends that his criminal conviction in the Superior Court of the District of Columbia violates rights protected under the United States Constitution.

The means by which a District of Columbia prisoner may attack his conviction or sentence is by motion under D.C. Code § 23-110 in the Superior Court. *See, e.g., Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997) ("[A] District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). This petitioner's claims "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code §

23-110(g); *see Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986).

Here, the petitioner claims that "D.C. Code 23-110 was in fact inadequate because the Superior Court Judge is Judicially prejudice[d and/or] bias[ed] toward the [petitioner]." Pet. ¶ 2. His claim of "prejudice" or "bias," however, is no more than a complaint about his lack of success with a prior § 23-110 petition. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). Further, the petitioner writes that the "judge with deliberate indifference appl[ies] the incorrect legal principle & abuses her prestige of appointment by refusing to apply the correct legal principles which is an abuse of discret[ion] & refuses to [a]bide by plaintiff's civil & legal rights both statutory & protected rights in nature." *Id.* Such an allegation is insufficient to establish the inadequacy or ineffectiveness of a proceeding under D.C. Code § 23-110. Therefore, the petitioner has no recourse in this federal district court. *See, e.g., Ankhamen v. United States*, No. 11-cv-1747, 2012 WL 689109, at *1 (D.D.C. Mar. 1, 2012).

The Court will grant the petitioner's application to proceed *in forma pauperis* and will dismiss his petition without prejudice. An Order accompanies this Memorandum Opinion.

DATE: 10/25/17

_____
United States District Judge